*264 OPINION OF THE COURT
Per Curiam.
By decision and order on motion of this Court dated November 22, 2011, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (1) (1) (i) and (iii), upon a finding that he was guilty of professional misconduct immediately threatening the public interest based upon his failure to cooperate with the lawful demands of the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) and other uncontroverted evidence of professional misconduct, and the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated May 10, 2011. The foregoing petition alleged, inter alia, that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d), by failing to reregister as an attorney with the Office of Court Administration and conduct adversely reflecting on his fitness as a lawyer, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h), by failing to cooperate with the lawful demands of the Grievance Committee.
On December 1, 2011, the decision and order on motion dated November 22, 2011, along with the verified petition dated May 10, 2011, were personally served upon the respondent. To date, the respondent has neither filed an answer to the petition, as directed, nor requested an adjournment of his time to do so.
The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as the Court deems appropriate, based upon his default. The respondent has neither opposed the Grievance Committee’s motion nor interposed any response thereto.
Accordingly, the Grievance Committee’s motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is suspended for an indefinite period, until further order of the Court (cf. Matter of Atkins, 84 AD3d 97 [2011]).
Mastro, A.P.J., Rivera, Skelos, Dillon and Angiolillo, JJ., concur.
Ordered that the Grievance Committee’s motion is granted; and it is further,
Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Stephen K. Malone, admitted as Stephen Kean Malone, is suspended for an indefinite period, until further order of the Court; and it is further,
*265 Ordered that the respondent, Stephen K. Malone, admitted as Stephen Kean Malone, shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Stephen K. Malone, admitted as Stephen Kean Malone, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Stephen K. Malone, admitted as Stephen Kean Malone, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).